UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARNEST S. HARRIS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>E. MUNOZ, et al.,<br><br>　　　　Defendants. | Case No. 1:21-cv-01800-JLT-SKO (PC)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO OPT OUT OF POST-SCREENING ADR**<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO STAY PROCEEDINGS PENDING OUTCOME OF CRIMINAL CASE**<br><br>(Doc. 27) |

Plaintiff Earnest S. Harris is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.　　INTRODUCTION**

On July 31, 2023, Defendants S. Arrequin and E. Munoz filed an answer to Plaintiff's complaint. (Doc. 19.) On October 9, 2023, Defendant Romero-Valadez filed an answer to the complaint. (Doc. 22.)

On October 11, 2023, the Court issued its Order Referring Case to Post-Screening ADR and Staying Case for 90 Days. (Doc. 24.) The action was stayed for 90 days to provide the parties time to settle their dispute before the discovery process begins. (*Id*. at 1-2.) The parties were directed to file a notice indicating their agreement to proceed to an early settlement

conference or their belief that settlement was not achievable within 45 days. (*Id*.)

On October 31, 2023, Plaintiff filed a noting stating an early settlement conference would be productive and he wished to participate by telephone or video conference. (Doc. 25.)

On November 22, 2023, Defendants filed a motion to opt out of early ADR and a motion to stay the proceedings pending the outcome of a criminal case. (Doc. 27.) Plaintiff has not filed an opposition or a statement of non-opposition.

## II.    DISCUSSION

Defendants state an investigation into the allegations in Plaintiff's complaint reveals this case "is not a good candidate for early settlement" because it "would not be a productive use of the Court's and parties' time and resources." (Doc. 27 at 1-2.) Defense counsel Jason Torres has investigated Plaintiff's claims, conferred with Defendants, reviewed "the relevant portions of Plaintiff's Central File," and discussed the criminal case against Plaintiff—Kings County Superior Court case number 20CM-1029—with Deputy District Attorney Vicente Reyes, as well as his supervisor. (*Id*. at 6-7, ¶¶ 3-4, 10.) The events giving rise to this action "relating to Defendant E. Munoz are also the basis of the criminal case." (*Id*. at 6, ¶ 4.) The criminal matter that was consolidated with two other actions and proceeding under case number 19CMS-1318 is "ongoing." (*Id*. at 6-7, ¶¶ 8, 10.) A trial setting conference is scheduled in the criminal matter for January 29, 2024. (*Id*. at 6, ¶ 9.) Defendants seek a stay of this action until disposition of the criminal matter. (*Id*. at 3-5.) Defendants assert Plaintiff's allegations that Munoz used excessive force by spraying him with pepper spray while Plaintiff was enclosed in his cell, and his allegation that Munoz falsely charged Plaintiff with a rules violation report for battery, gave rise to the pending criminal charge: battery by a prisoner on a non-prisoner in violation of California Penal Code section 4501.5. (*Id*. at 4-5.) Defendants contend that if Plaintiff is convicted, "at least two of the live claims in this action may be barred under" *Heck v. Humphrey*, 512 U.S. 477 (1994), and thus this action should be stayed "until resolution of Plaintiff's criminal case, which is expected in sometime early next year." (*Id*. at 5.)

### *The Motion to Opt-Out of Early ADR*

Early ADR proceedings are voluntary. Each party is required to provide notice to the

Court, within 45 days of an order referring the matter to early ADR, whether the party wishes to participate in an early settlement conference. (*See* Doc. 24.) Both parties may opt-out or decline to participate; they may both opt-in and agree to participate; or one party may file a notice opting-in or agreeing to participate, while the opposing party may opt-out or decline to participate.

Here, while Plaintiff indicated a desire to participate in early ADR proceedings, Defendants have stated that an early settlement conference would not be productive at this time, for reasons discussed more fully below. Because Defendants are not required to participate in an early settlement conference, their motion to opt-out of early ADR proceedings will be granted.

### *The Motion to Stay Pending the Outcome of Criminal Proceedings*

#### A. Legal Standards

The district court "has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)). A stay is discretionary and the "party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Nken v. Holder*, 556 U.S. 418, 433–34 (2009). "Generally, stays should not be indefinite in nature." *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066–67 (9th Cir. 2007). If a stay is especially long or its term is indefinite, a greater showing is required to justify it. *Yong v. I.N.S.*, 208 F.3d 1116, 1119 (9th Cir. 2000). The Court should "balance the length of any stay against the strength of the justification given for it." *Id*.

"The Constitution does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings." *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th Cir. 1995). "In the absence of substantial prejudice to the rights of the parties involved, [simultaneous] parallel [civil and criminal] proceedings are unobjectionable under our jurisprudence." *Id*. "Nevertheless, a court may decide in its discretion to stay civil proceedings ... 'when the interests of justice seem[] to require such action.'" *Id*. (citations omitted).

//

//

### B. Same Nucleus of Facts

When a civil plaintiff brings claims under section 1983 that are "related to rulings that will likely be made in a pending or anticipated criminal trial," it is "common practice" for the court "to stay the civil action until the criminal case or the likelihood of a criminal case is ended." *Wallace v. Kato*, 549 U.S. 384, 393–94 (2007); *see also Fed. Saving & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 902 (9th Cir. 1989).

When determining whether a stay is appropriate, courts look to whether the criminal defendant's Fifth Amendment rights may be implicated by the civil proceedings. *Keating*, 45 F.3d at 324 (citing *Molinaro*, 889 F.2d at 902). Courts also consider (1) the interest of the plaintiff in proceeding with the litigation and the potential prejudice to the plaintiff of a delay; (2) the convenience of the court and the efficient use of judicial resources; (3) the interests of third parties; and (4) the interests of the public. *Keating*, 45 F.3d at 324-25.

Here, the civil rights action implicates Plaintiff's Fifth Amendment rights. The facts and circumstances underlying Plaintiff's criminal prosecution for battery by a prisoner on a non-prisoner, involving Defendant Munoz, substantially overlaps with the excessive force claim at issue in this case. Both cases involve the April 13, 2019 incident between Plaintiff and Defendant Munoz, and will likely involve substantially the same parties and witnesses. Thus, if this case proceeds, Defendants will seek discovery from Plaintiff and he will be required to respond under oath. The discovery will involve Plaintiff's alleged misconduct on April 13, 2019. Thus, there exists a substantial risk of prejudice to Plaintiff's Fifth Amendment rights. Plaintiff's invocation of his Fifth Amendment rights may impede Defendant's discovery. *Jones v. Conte*, No. C045312S1, 2005 WL 1287017, at *1 (N.D. Apr. 19, 2005) (finding that a stay of the civil case involving defendant in criminal action was appropriate "because [i]f discovery moves forward, [the] defendant will be faced with the difficult choice between asserting [his] right against self-incrimination, thereby inviting prejudice in the civil case, or waiving those rights, thereby courting liability in the civil case") (internal quotations & citation omitted).

The other *Keating* factors also support a stay. Any prejudice to Plaintiff is minimal given that both proceedings involve similar facts and witnesses, and it is unlikely that evidence will be

lost, or memories will fade with passage of time. *McCormick v. Rexroth*, No. C 09-4188 JT, 2010 WL 934242, at *3 (N.D. Cal. Mar. 15, 2010). In addition, the public interest weighs in favor of a stay because "[t]he public has an interest in 'ensuring that the criminal process is not subverted' by ongoing civil cases." *Douglas v. United States*, No. C 03-4518, 2006 WL 2038375, at *6 (N.D. Cal. July 17, 2006).

Furthermore, if a stay is not granted, the defenses available may be limited. If the court in the criminal action considers Plaintiff's factual allegations regarding the April 13, 2019 incident, such findings may be binding in this Court. Until resolution of the criminal proceedings, it is unclear whether certain defenses are available, such as a *Heck* bar or issue preclusion. *See Wallace*, 549 U.S. at 393–94 (noting that the question of whether a section 1983 action is barred by *Heck* is more difficult to answer where the plaintiff is facing charges of resisting arrest or similar conduct arising from the same incident he is claiming excessive force, a stay may be appropriate until such time as the underlying criminal proceedings are conducted; "If the plaintiff is ultimately convicted, and if the stayed civil action would impugn that conviction, *Heck* will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit") (citation omitted); *see also Vivas v. Cty. of Riverside*, No. EDCV 15-1912-VAP (DTBx), 2016 WL 9001020, at *3 (C.D. Cal. Jan. 12, 2016) (staying excessive force case where criminal prosecution for resisting arrest was pending).

Judicial efficiency also favors imposition of a stay because Plaintiff's criminal action involves many of the same facts. Accordingly, the Court will stay this action until Plaintiff's criminal charges have been resolved.

### III.     CONCLUSION AND ORDER

For the reasons set forth above, **IT IS HEREBY ORDERED** that:

1. Defendants' motion to opt out of early ADR (Doc. 27) is **GRANTED**;
2. Defendants' motion to stay this action (Doc. 27) is **GRANTED**;
3. The instant action is **STAYED** pending resolution of Plaintiff's criminal case; and
4. Defendants **SHALL** file a status report within ninety (90) days from the date of service of this order, and every ninety (90) days thereafter, addressing the status of

the criminal proceedings until those proceedings are resolved.

IT IS SO ORDERED.

Dated:     **December 21, 2023**                     /s/ *Sheila K. Oberto*                 .
                                                                  UNITED STATES MAGISTRATE JUDGE