1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                        EASTERN DISTRICT OF CALIFORNIA

10

11    EARNEST S. HARRIS,                          Case No. 1:21-cv-01800-JLT-SKO (PC)

12                    Plaintiff,                   **ORDER RE PLAINTIFF'S OBJECTIONS
                                                   TO DEFENDANTS' MOTION TO STAY**
13            v.                                   **PROCEEDINGS PENDING OUTCOME
                                                   OF CRIMINAL CASE**
14    E. MUNOZ, et al.,
                                                   (Doc. 27)
15                    Defendants.

16

17          Plaintiff Earnest S. Harris is proceeding pro se and *in forma pauperis* in this civil rights

18    action pursuant to 42 U.S.C. § 1983.

19          **I.      INTRODUCTION**

20          On November 22, 2023, Defendants filed a motion to opt out of early ADR and a motion

21    to stay the proceedings pending the outcome of a criminal case. (Doc. 27.)

22          On December 21, 2023, the Court issued its Order Granting Defendants' Motion to Opt

23    Out of Post-Screening ADR and Order Granting Defendants' Motion to Stay Proceedings

24    Pending Outcome of Criminal Case. (Doc. 28.)

25          On December 26, 2023, Plaintiff filed a document titled "Motion: Opposing a Stay of

26    Proceedings." (Doc. 29.)

27    //

28    //

**II.    DISCUSSION**

As noted above, on December 21, 2023, the Court granted Defendants' motion to stay these proceedings pending the outcome of Plaintiff's criminal case. (*See* Doc. 28 at 3-5.) Plaintiff filed an opposition on December 26, 2023.

In his opposition, Plaintiff contends he "does not want the Attorney General attempting to persuade the criminal case" and the "Attorney General doesn't understand the reasons why this case has been on-going since Feb. 2020." (Doc. 29 at 1.) Plaintiff states the matter is not scheduled for trial "and the next court date is Jan. 29, 2024." (*Id.*) Plaintiff asserts he is "going to Court for 3# separate batteries, on the separate date, all of them are independant [sic] from the case on the Defendant." (*Id.* at 2.) He contends "[i]t is not '<u>likely</u>' that these cases are going to trial." (*Id.*) Plaintiff states he is "on 'C-Status'" and unable to earn good time credit but will "get all [his earned] credit" once off C-Status in January 2024, meaning his "release date will change to March 27, 2024." (*Id.*) Plaintiff contends he "will parole before this goes to trial" and that "most often, the cases are dismissed, once the person has paroled." (*Id.*) He asserts small cities like Hanford do not have "the money to transport [him] back to Hanford from Oakland, Ca." (*Id.*) Plaintiff asserts it is "best for the Defendants to settle the claims now" before he paroles in March 2024, "[a]t least on the claims that are not against E. Munoz. $30,000 for part, $80,000 for entire case." (*Id.*)

Pursuant to Local Rule 230(*l*), any opposition "to the granting of [a] motion shall be served and filed by the responding party not more than twenty-one (21) days after the date of service of the motion." Because Defendants filed and served their motion on November 22, 2023, any opposition by Plaintiff was due to be filed no later than December 13, 2023. Local Rule 131(b) provides, in relevant part, that all pleadings "be signed by the individual attorney for the party …, *or by the party involved if that party is appearing in propria persona.*" (Italics added.)

Here, Plaintiff's opposition is not dated or signed. (*See* Doc. 29.) It was filed 34 days after the date Defendants filed their motion. Additionally, the Court notes the proof of service attached to Plaintiff's opposition is dated August 18, 2023. (*Id.* at 3.) It appears Plaintiff used the

2

1   same proof of service for a prior filing but did not change or correct the date for the opposition.

2   (*Id.*) In sum, because Plaintiff's opposition is not signed or dated, and the date on the proof of

3   service is plainly inaccurate, Plaintiff's opposition is deemed untimely.

4        Even assuming the opposition was timely, it does not warrant the denial of Defendants'

5   motion to stay these proceedings. As explained in the Order granting Defendants' motion, the

6   Court finds the same nucleus of facts apply to this action and to the criminal prosecution

7   involving the April 13, 2019 incident. (*See* Doc. 28 at 3-5.) Further, whether Plaintiff is released

8   and paroled in March 2024 does not warrant a denial of the stay of these proceedings. The Court

9   has broad discretion to stay proceedings and finds such a stay appropriate at this time. *Clinton v.*

10  *Jones*, 520 U.S. 681, 706 (1997); *Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324 (9th

11  Cir. 1995).

12  **III.    CONCLUSION AND ORDER**

13       For the reasons set forth above and for the reasons stated in this Court's December 21,

14  2023 Order, the stay of these proceedings remains in effect pending the outcome of the criminal

15  proceedings in the Kings County Superior Court.

16

17  IT IS SO ORDERED.

18  Dated:   **January 4, 2024**         /s/ *Sheila K. Oberto*

19                             UNITED STATES MAGISTRATE JUDGE

20

21

22

23

24

25

26

27

28