UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARNEST S. HARRIS,<br><br>          Plaintiff,<br><br>     v.<br><br>E. MUNOZ, et al.,<br><br>          Defendants. | Case No. 1:21-cv-01800-JLT-SKO (PC)<br><br>**ORDER REGARDING PLAINTIFF'S FILING OF JUNE 16, 2025**<br><br>(Doc. 45) |

Plaintiff Earnest S. Harris is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on the following claims: (1) excessive force against Defendants Munoz and Arreguin; (2) deliberate indifference to serious medical needs against Defendant Romero; (3) retaliation against Defendants Munoz and Arreguin; and (4) a due process violation against Defendant Munoz.

**I.     BACKGROUND**

On December 21, 2023, the Court issued its Order Granting Defendants' Motion to Opt Out of Post-Screening ADR and Order Granting Defendants' Motion to Stay Proceedings Pending Outcome of Criminal Case. (Doc. 28.)

Following imposition of the stay, Defendants filed several status reports concerning the criminal matter then pending in state court. (*See* Docs. 33, 36, 37, 39, 41, 42.)

Following submission of the most recent status report, on June 11, 2025, the Court issued its Order Lifting Stay and Order Directing Clerk to Issue a Discovery and Scheduling Order. (Doc. 43.) The Discovery and Scheduling Order issued that same date. (Doc. 44.)

On June 16, 2025, Plaintiff filed a document titled "Motion: Opposition to the Defendant's Status Report." (Doc. 45.)[1]

**II.     DISCUSSION**

Plaintiff states that Defendants' June 2025 status report is accurate concerning his pleas of no contest to counts 1 and 2 in the underlying state criminal action, but "Defendant failed to mention" that Plaintiff's "plea has nothing to do with the Defendant. Each count occurred on different days and [allegedly] different officers." (Doc. 45 at 1.) Plaintiff states the count involving Defendant Munoz "was 'dismissed' on May 29, 2025." (*Id.*)[2]  He asks the Court to lift the stay of these proceedings, to "order a settlement conference," and provides a telephone number and an email address where he can be reached. (Doc. 45 at 1.)  Any implication that Defendants' status report somehow misled the Court is misplaced.

While Defendants made no specific reference to count 3, the count alleging Plaintiff committed a felony battery against Defendant Munoz on April 13, 2019, the supporting exhibit indicates the "remaining counts/allegations" were "dismissed" pursuant to the plea agreement. (*See* Doc. 42 at 4.)  Defendants' status report does not state that either of the two counts to which Plaintiff pled guilty involved the crime of battery against Defendant Munoz. The Court notes that the previous stay of these proceedings involved the potential applicability of a *Heck*[3] bar regarding any battery by Plaintiff against Defendant Munoz. (*See* Doc. 28.) Considering the dismissal of the relevant count in the underlying state criminal proceeding, a *Heck* bar is not applicable in this action.

---

[1] The filing is not dated or signed. Plaintiff is advised that this Court's Local Rules require that "[a]ll pleadings and non-evidentiary documents … be signed" by any party "appearing in propria persona." Local Rule 131(b).

[2] Attached to Plaintiff's filing is a copy of the First Amended Consolidated Information filed in the Kings County Superior Court criminal case on November 2, 2020. (Doc. 45 at 2-3.)

[3] *Heck v. Humphrey*, 512 U.S. 477 (1994).

Plaintiff's filing is not dated. The Court presumes Plaintiff had not yet received the Court's June 11, 2025, order when he prepared his opposition and asked the Court to lift the stay, and has since received a copy of the order lifting the stay of these proceedings served on him June 11, 2025. In sum, the Court has already lifted the stay of these proceedings and Plaintiff's request is now moot.

Plaintiff's request that the Court "order a settlement conference" is denied. Participation in a settlement conference is voluntary at this stage of the proceedings, and the Court notes that Defendants previously opted out of participating in a settlement conference. (*See* Doc. 27 at 7, ¶ 11.) If all parties agree to participate in a settlement conference, they may advise the Court of their agreement by filing a joint status report that includes available dates. Otherwise, with the issuance of the Discovery and Scheduling Order on June 11, 2025 (*see* Doc. 44), the parties are expected to engage in discovery and to abide by the deadlines provided for in that order.

Finally, while Plaintiff has provided a telephone number and email address in his recent filing, the Court will continue to serve documents to Plaintiff at his physical address on record with the Court.[4]

### III.  CONCLUSION AND ORDER

For the forgoing reasons, the Court **HEREBY ORDERS** that:

1. Plaintiff's request that the Court "order a settlement conference" in this action is **DENIED**;
2. If all parties to this action wish to participate in a settlement conference, the parties may file a joint status report, **no later than July 15, 2025**, indicating their wish to participate in such a proceeding and identifying available dates for a settlement conference; and

//

//

---

[4] Out of an abundance of action, Plaintiff is advised that this Court's Local Rules provide that "persons appearing pro se may not utilize electronic filing except with the permission of the assigned Judge or Magistrate Judge. … All pro se parties shall file and serve paper documents as required by the applicable Federal Rules of Civil or Criminal Procedure or by these Rules." *See* Local Rule 133(b)(2).

3. Absent any agreement by all parties to participate in a settlement conference, discovery shall continue as previously ordered.

IT IS SO ORDERED.

Dated: **June 18, 2025**                     /s/ *Sheila K. Oberto*
                                             UNITED STATES MAGISTRATE JUDGE