UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARNEST S. HARRIS,<br><br>            Plaintiff,<br><br>    v.<br><br>E. MUNOZ, et al.,<br><br>            Defendants. | Case No. 1:21-cv-01800-JLT-SKO (PC)<br><br>**ORDER STAYING BRIEFING ON DEFENDANTS' MOTION TO REVOKE IN FORMA PAUPERIS STATUS**<br><br>(Doc. 50)<br><br>**ORDER DIRECTING CLERK OF THE COURT TO SEND PLAINTIFF A NON-PRISONER APPLICATION TO PROCEED IN FORMA PAUPERIS**<br><br>**ORDER DIRECTING PLAINTIFF TO SUBMIT NON-PRISONER APPLICATION TO PROCEED IN FORMA PAUPERIS**<br><br>**<u>THIRTY (30) DAY DEADLINE</u>** |

Plaintiff Earnest S. Harris, a former state prisoner, is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on the following claims: (1) excessive force against Defendants Munoz and Arreguin; (2) deliberate indifference to serious medical needs against Defendant Romero; (3) retaliation against Defendants Munoz and Arreguin; and (4) a due process violation against Defendant Munoz.

**I.    RELEVANT BACKGROUND**

On June 11, 2025, the Court issued its Order Lifting Stay and Order Directing Clerk to Issue a Discovery and Scheduling Order after underlying state criminal proceedings were

concluded. (Doc. 43.)

On September 18, 2025, Plaintiff filed a Notice of Change of Address, identifying a residential street address in Oakland, California. (Doc. 47.)

On December 10, 2025, Defendants filed a motion to revoke Plaintiff's *in forma pauperis* (IFP) status. (Doc. 50.)

## II. DISCUSSION

Defendants contend Plaintiff is currently proceeding IFP under 28 U.S.C. section 1915(b)(1)'s prisoner provision, and now that he is no longer incarcerated, he must file an updated affidavit to proceed IFP as a non-prisoner under the general provisions of 28 U.S.C. section 1915(a)(1), or pay the filing fee. (Doc. 50.) Upon review of the filing, the Court will stay briefing on the motion to revoke Plaintiff's IFP status and direct Plaintiff to file a non-prisoner application to proceed IFP. Upon receipt and review of the application, the Court will reset the deadline for Plaintiff to file a response to Defendants' motion to revoke IFP, if appropriate.

## III. CONCLUSION AND ORDER

Accordingly, the Court **HEREBY ORDERS**:

1. Briefing on Defendants' motion to revoke Plaintiff's IFP status (Doc. 50) is **STAYED**;
2. The Clerk of the Court is **DIRECTED** to send to Plaintiff an application to proceed IFP for a **non-prisoner**; and
3. **Within thirty (30) days** of the date of service of this order, Plaintiff **SHALL** submit the attached non-prisoner application to proceed IFP, completed and signed. No request for an extension of time will be granted absent a showing of good cause.

IT IS SO ORDERED.

Dated:   **December 12, 2025**          /s/ *Sheila K. Oberto*
                                        UNITED STATES MAGISTRATE JUDGE