UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

EARNEST S. HARRIS,

Plaintiff,

v.

E. MUNOZ, et al.,

Defendants.

Case No. 1:21-cv-01800-JLT-SKO (PC)

**ORDER TO SHOW CAUSE IN WRITING WHY SANCTIONS SHOULD NOT BE IMPOSED FOR PLAINTIFF'S FAILURE TO COMPLY WITH THE COURT'S ORDER TO SUBMIT NON-PRISONER APPLICATION TO PROCEED IN FORMA PAUPERIS**

**14-DAY DEADLINE**

Plaintiff Earnest S. Harris, a former state prisoner, is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on the following claims: (1) excessive force against Defendants Munoz and Arreguin; (2) deliberate indifference to serious medical needs against Defendant Romero; (3) retaliation against Defendants Munoz and Arreguin; and (4) a due process violation against Defendant Munoz.

## I.     BACKGROUND

On December 10, 2025, Defendants filed a motion to revoke Plaintiff's *in forma pauperis* (IFP) status, contending Plaintiff was no longer in custody and thus not entitled to proceed IFP under 28 U.S.C. section 1915(b)(1). (Doc. 50.)

On December 15, 2025, the Court issued its Order Staying Briefing on Defendants' Motion to Revoke In Forma Pauperis Status; Order Directing Clerk of the Court to Send Plaintiff

a Non-Prisoner Application to Proceed In Forma Pauperis; and Order Directing Plaintiff to Submit Non-Prisoner Application to Proceed In Forma Pauperis. (Doc. 51.) Plaintiff was ordered to "submit the attached non-prisoner application to proceed IFP, completed and signed," within 30 days. (*Id*. at 2.)

On January 8, 2026, Plaintiff filed a document titled "Motion: Opposition to Defendants' Motion to Revoke Forma Pauperis Status." (Doc. 52.) The filing was docketed as an opposition to Defendants' pending motion.

Although more than 30 days have passed following the Court's order directing Plaintiff to file a completed and signed non-prisoner application to proceed IFP, he has failed to do so.

## II.   DISCUSSION

The Local Rules, corresponding with Rule 11 of the Federal Rules of Civil Procedure, provide that the "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Plaintiff has failed to comply with the Court's December 15, 2025, order.[1] Plaintiff has failed to submit a completed and signed non-prisoner IFP application within the required timeframe.

---

[1] The Court notes Plaintiff also disregarded the Court's order staying briefing concerning Defendants' pending motion to revoke Plaintiff's IFP status. (*See* Doc. 51 at 2 ["Briefing on Defendants' motion to revoke Plaintiff's IFP status (Doc. 50) is **STAYED**"].) Despite serving Plaintiff with the orders on December 15, 2025, Plaintiff submitted an opposition —dated and signed on January 6, 2026, or 22 days later—to Defendants' pending motion, effectively ignoring the stay on briefing.

### III.   CONCLUSION AND ORDER

Accordingly, the Court **ORDERS** Plaintiff to show cause in writing, **within 14 days** of the date of service of this order, why this action should not be dismissed for his failure to comply with the Court's order of December 15, 2025. Alternatively, within that same time, Plaintiff may submit a completed and signed non-prisoner IFP application as originally ordered.

**Failure to comply with this Order to Show Cause (OSC) will result in a recommendation that this action be dismissed for Plaintiff's failure to obey court orders and failure to prosecute.**

IT IS SO ORDERED.

Dated:   **January 21, 2026**         /s/ *Sheila K. Oberto*
                                UNITED STATES MAGISTRATE JUDGE

3