UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

EARNEST S. HARRIS,

        Plaintiff,

    v.

E. MUNOZ, et al.,

        Defendants.

Case No. 1:21-cv-01800-JLT-SKO (PC)

**ORDER GRANTING DEFENDANTS'
SECOND EX PARTE MOTION TO
MODIFY THE DISCOVERY AND
SCHEDULING ORDER OR TO VACATE
THE DISPOSITIVE MOTION FILING
DEADLINE**

(Doc. 54)

Plaintiff Earnest S. Harris is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on the following claims: (1) excessive force against Defendants Munoz and Arreguin; (2) deliberate indifference to serious medical needs against Defendant Romero; (3) retaliation against Defendants Munoz and Arreguin; and (4) a due process violation against Defendant Munoz.

**I.      RELEVANT BACKGROUND**

On November 12, 2025, the Court issued its Order Granting Defendants' Ex Parte Motion to Modify the Discovery and Scheduling Order, including extending the deadline for filing pre-trial dispositive motions to February 11, 2026. (Doc. 49.)

On December 10, 2025, Defendants filed a motion to revoke Plaintiff's *in forma pauperis* (IFP) status. (Doc. 50.)

On December 15, 2025, the Court issued its Order Staying Briefing on Defendants' Motion to Revoke In Forma Pauperis Status, Order Directing Clerk of the Court to Send Plaintiff a Non-Prisoner Application to Proceed In Forma Pauperis, and Order Directing Plaintiff to Submit Non-Prisoner Application to Proceed In Forma Pauperis. (Doc. 51.) Plaintiff was ordered to submit the non-prisoner IFP application within 30 days. (*Id*. at 2.)  On January 8, 2026, Plaintiff instead filed a document titled "Motion: Opposition to Defendants Motion to Revoke Forma Pauperis Status." (Doc. 52.)

On January 21, 2026, the Court issued an Order to Show Cause (OSC) in Writing Why Sanctions Should Not Be Imposed for Plaintiff's Failure to Comply with the Court's Order to Submit a Non-Prisoner Application to Proceed In Forma Pauperis. (Doc. 53.) Plaintiff was ordered to respond in writing to show cause why this action should not be dismissed, or alternatively, to submit a completed and signed non-prisoner IFP application within 14 days of the date of service of the order. (*Id*. at 3.)

On February 5, 2026, Defendants filed a motion to modify the scheduling order to extend the dispositive motion filing deadline, or, alternatively, to vacate the dispositive motion deadline. (Doc. 54.)

## II.    DISCUSSION

Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). This good cause standard "primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc*., 975 F.2d 604, 609 (9th Cir. 1992). The court may modify the scheduling order "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Id*. If the party was not diligent, the inquiry should end. *Id*.

Defendants request the Court extend the deadline for the filing of dispositive motions by at least 30 days, or, alternatively, to vacate the deadline and reset it later. (Doc. 54 at 2.) Defendants state that Plaintiff's failure to respond to the Court's OSC or to submit a non-prisoner IFP application as previously ordered affects their response to the February 11, 2026, filing deadline. (*Id*. at 4.) Specifically, Defendants contend that if they "file their intended motion

2

for summary judgment (MSJ) by that date, but the Court later dismisses this action as a result of the OSC, that time, energy, and expense of preparing the MSJ would be wasted as the motion would be moot," noting that preparation requires considerable time and effort. (*Id.*) Defendants seek a 30-day extension of the dispositive motion filing deadline, or, alternatively, an order vacating the dispositive motion filing deadline to allow the Court to resolve the matters at issue in the OSC before resetting the deadline.

The Court finds good cause to grant Defendants' request and will vacate the deadline for the filing of dispositive motions.

### III.   CONCLUSION AND ORDER

Accordingly, the Court **HEREBY ORDERS**:

1. Defendants' second request to modify the scheduling order (Doc. 54) is **GRANTED.**

2. The deadline for the filing of pre-trial dispositive motions is **VACATED**. The Court will reset the deadline, if necessary.

IT IS SO ORDERED.

Dated:   **February 6, 2026**                    /s/ *Sheila K. Oberto*
                                        UNITED STATES MAGISTRATE JUDGE

3