UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARNEST S. HARRIS,<br><br>         Plaintiff,<br><br>    v.<br><br>E. MUNOZ, et al.,<br><br>         Defendants. | Case No. 1:21-cv-01800-JLT-SKO (PC)<br><br>**ORDER DISCHARGING ORDER TO SHOW CAUSE**<br><br>**ORDER DIRECTING CLERK OF THE COURT TO SERVE PLAINTIFF WITH A COURTESY COPY OF DOCKET ENTRY NUMBER 56**<br><br>**ORDER DIRECTING PLAINTIFF TO PROVIDE A COMPLETE ANSWER TO QUESTION 6 ON THE NON-PRISONER IN FORMA PAUPERIS APPLICATION WITHIN 14 DAYS** |

Plaintiff Earnest S. Harris, a former state prisoner, is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on the following claims: (1) excessive force against Defendants Munoz and Arreguin; (2) deliberate indifference to serious medical needs against Defendant Romero; (3) retaliation against Defendants Munoz and Arreguin; and (4) a due process violation against Defendant Munoz.

## I.    RELEVANT BACKGROUND

On December 10, 2025, Defendants filed a motion to revoke Plaintiff's *in forma pauperis* (IFP) status, contending Plaintiff was no longer in custody and therefore not entitled to proceed IFP under 28 U.S.C. section 1915(b)(1). (Doc. 50.)

On December 15, 2025, the Court issued its Order Staying Briefing on Defendants' Motion to Revoke In Forma Pauperis Status; Order Directing Clerk of the Court to Send Plaintiff a Non-Prisoner Application to Proceed In Forma Pauperis; and Order Directing Plaintiff to Submit Non-Prisoner Application to Proceed In Forma Pauperis. (Doc. 51.) Plaintiff was specifically ordered to "submit the attached non-prisoner application to proceed IFP, completed and signed," within 30 days. (*Id*. at 2.)

On January 8, 2026, Plaintiff filed a document titled "Motion: Opposition to Defendants' Motion to Revoke Forma Pauperis Status." (Doc. 52.) The filing was docketed as an opposition to Defendants' pending motion.

On January 21, 2026, when more than 30 days passed without a response from Plaintiff's to the December 2025 order to submit a non-prisoner application to proceed IFP, the Court issued its Order to Show Cause (OSC) in Writing Why Sanctions Should Not be Imposed for Plaintiff's Failure to Comply with the Court's Order to Submit Non-Prisoner Application to Proceed In Forma Pauperis. (Doc. 53.) Plaintiff was ordered to respond in writing, or, alternatively, to "submit a completed and signed non-prisoner IFP application as originally ordered" within 14 days. (*Id*. at 3.)

On February 10, 2026, Plaintiff submitted a signed non-prisoner IFP application. (Doc. 56.)

## II.    DISCUSSION

Plaintiff has failed to submit a *complete* non-prisoner IFP application. Question number 6 asks the applicant to provide the following information: "Any housing, transportation, utilities, or loan payments, or other regular monthly expenses (*describe and provide the amount of the monthly expense*)." (Doc. 56 at 2, italics in original.) Plaintiff responded "rent, phone bill, utilities." (*Id*.) Plaintiff has failed to "*describe and provide the amount of the monthly expense*" for his rent, phone bill, and utilities, and will be directed to provide a *complete* response to Question number 6 within 14 days. The Clerk of the Court will be directed to serve Plaintiff with a courtesy copy of his February 10, 2026, submission. Plaintiff will use that document to provide the amount (cost) of his monthly rent and phone bill and utilities.

2

Additionally, Plaintiff is advised that the prison mailbox rule[1] no longer applies because Plaintiff has been released from custody.[2] Therefore, a response to any Court order or deadline must be mailed and received by the Court and/or parties prior to the deadline.

**III.    CONCLUSION AND ORDER**

Accordingly, the Court **HEREBY ORDERS** that:

1.  The OSC issued January 21, 2026 (Doc. 53), is **DISCHARGED**;

2.  The Clerk of the Court is **DIRECTED** to serve Plaintiff with a courtesy copy of docket entry number 56 along with this Order; and

3.  Plaintiff **SHALL** use the previously submitted non-prisoner IFP application to provide a *complete* response to Question number 6, to include the amount or cost of his rent, phone bill, and utilities. Further, Plaintiff shall re-sign and date the application. The completed and re-signed non-prisoner IFP application must be resubmitted **within 14 days** of the date of service of this Order.

**WARNING**: **A failure to timely comply with this Order will result in a recommendation that this action be dismissed for Plaintiff's failure to obey Court orders**.

IT IS SO ORDERED.

Dated:   **February 11, 2026**              /s/ *Sheila K. Oberto*
                                                              UNITED STATES MAGISTRATE JUDGE

---

[1] *Houston v. Lack*, 487 U.S. 266, 270 (1988).

[2] *See, e.g.*, *Gelazela v. United States*, No. 1:21-cv-01499-JLT-EPG (PC), 2024 WL 3675609, at *8, n.2 (E.D. Cal. Aug. 5, 2024) (finding the mailbox rule does not apply because plaintiff was released from custody when he filed his complaint); *Emasealu v. Gomez*, No. 1:22-cv-01326-HBK (PC), 2023 WL 5614937, at *1, n.2 (E.D. Cal. Aug. 30, 2023) ("Because Plaintiff is no longer incarcerated, he is not entitled to the mailbox rule"); *Estrada v. North Kern State Prison*, No. 1:18-cv-00667-DAD-SAB (PC), 2020 WL 590114, at *2 (E.D. Cal. Feb. 6, 2020) ("the Court reminds Plaintiff that, now that he has been released from custody, the prison mailbox rule no longer applies to his filings. … In the future, Plaintiff should ensure that any motions for extension of time, or other responses to Court deadlines, are mailed to the Court so they will be received by the applicable deadline").