UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARNEST S. HARRIS,<br><br>Plaintiff,<br><br>v.<br><br>E. MUNOZ, et al.,<br><br>Defendants. | Case No. 1:21-cv-01800-JLT-SKO (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR PLAINTIFF'S FAILURE TO OBEY COURT ORDERS AND FAILURE TO PROSECUTE**<br><br>**14-DAY OBJECTION DEADLINE** |

Plaintiff Earnest S. Harris, a former state prisoner, is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on the following claims: (1) excessive force against Defendants Munoz and Arreguin; (2) deliberate indifference to serious medical needs against Defendant Romero; (3) retaliation against Defendants Munoz and Arreguin; and (4) a due process violation against Defendant Munoz.

**I.      RELEVANT BACKGROUND**

On December 10, 2025, Defendants filed a motion to revoke Plaintiff's *in forma pauperis* (IFP) status, contending Plaintiff was no longer in custody and not entitled to proceed IFP under 28 U.S.C. section 1915(b)(1). (Doc. 50.)

On December 15, 2025, the Court issued an Order Staying Briefing on Defendants' Motion to Revoke In Forma Pauperis Status; Order Directing Clerk of the Court to Send Plaintiff a Non-Prisoner Application to Proceed In Forma Pauperis; and Order Directing Plaintiff to

Submit Non-Prisoner Application to Proceed In Forma Pauperis. (Doc. 51.)  Plaintiff was specifically ordered to "submit the attached non-prisoner application to proceed IFP, completed and signed," within 30 days. (*Id*. at 2.)

On January 8, 2026, Plaintiff filed a document titled "Motion: Opposition to Defendants' Motion to Revoke Forma Pauperis Status." (Doc. 52.) The filing was docketed as an opposition to Defendants' pending motion.

On January 21, 2026, when more than 30 days passed without a response from Plaintiff's to the December 2025 order, the Court issued an Order to Show Cause (OSC) in Writing Why Sanctions Should Not be Imposed for Plaintiff's Failure to Comply with the Court's Order to Submit Non-Prisoner Application to Proceed In Forma Pauperis. (Doc. 53.) Plaintiff was ordered to respond in writing, or, alternatively, to "submit a completed and signed non-prisoner IFP application as originally ordered" within 14 days. (*Id*. at 3.)[1] On February 10, 2026, Plaintiff submitted a signed non-prisoner IFP application. (Doc. 56.)

On February 11, 2026, the Court issued an Order Discharging Order to Show Cause, Order Directing Clerk of the Court to Serve Plaintiff with a Courtesy Copy of Docket Entry Number 56, and Order Directing Plaintiff to Provide a Complete Answer to Question 6 on the Non-Prisoner In Forma Pauperis Application Within 14 Days. (Doc. 57.)  Although more than 14 days have passed,[2] Plaintiff has failed to comply with the Court's February 11, 2026, order.

## II.    DISCUSSION

### A.  Legal Standards

The Local Rules, corresponding with Federal Rule of Civil Procedure 11, provide,

---

[1] The OSC also noted Plaintiff's disregard of the stay on briefing. (*See* Doc. 53 at 2, n.1.)

[2] Plaintiff is not entitled to the benefit of the prison mailbox rule as he has been released from custody. *See, e.g.*, *Gelazela v. United States*, No. 1:21-cv-01499-JLT-EPG (PC), 2024 WL 3675609, at *8, n.2 (E.D. Cal. Aug. 5, 2024) (finding the mailbox rule does not apply because plaintiff was released from custody when he filed his complaint); *Emasealu v. Gomez*, No. 1:22-cv-01326-HBK (PC), 2023 WL 5614937, at *1, n.2 (E.D. Cal. Aug. 30, 2023) ("Because Plaintiff is no longer incarcerated, he is not entitled to the mailbox rule"); *Estrada v. North Kern State Prison*, No. 1:18-cv-00667-DAD-SAB (PC), 2020 WL 590114, at *2 (E.D. Cal. Feb. 6, 2020) ("the Court reminds Plaintiff that, now that he has been released from custody, the prison mailbox rule no longer applies to his filings. … In the future, Plaintiff should ensure that any motions for extension of time, or other responses to Court deadlines, are mailed to the Court so they will be received by the applicable deadline").

"[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson*, 779 F.2d at 1423; *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

### B. Analysis

Plaintiff has failed to comply with the Court's orders to submit a *complete* non-prisoner IFP application following the submission of Defendants' motion to revoke his IFP status. (*See* Docs. 51 & 57.) As reflected in the Court's February 11, 2026, order, the non-prisoner IFP application submitted by Plaintiff was incomplete. Plaintiff failed to provide a complete response to Question Number 6 because he did not "describe and provide the amount of the monthly expenses for his rent, phone bill, and utilities." (*See* Doc. 57 at 2, emphasis omitted.) Although he was granted an additional 14 days within which to provide that information (*id*. at 3), Plaintiff has failed to respond. The Court cannot effectively manage its docket if Plaintiff ignores Court orders and ceases litigating his case. Thus, the Court finds that both the first and second factors—the public's interest in expeditious resolution of litigation and the Court's need to manage its docket—weigh in favor of dismissal. *Carey*, 856 F.2d at 1440.

The third factor weighs in favor of dismissal since a presumption of injury arises from the

3

occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). The Court's February 11, 2026, order specifically identified the information missing from Plaintiff's non-prisoner IFP application and provided Plaintiff with an additional 14 days within which to provide the missing information. Plaintiff has failed to comply with the Court's order and the time to do so has now passed. Defendants' motion to revoke Plaintiff's IFP application remains pending and although the Court stayed briefing on the matter and directed Plaintiff to file a completed and signed non-prisoner IFP application, he has failed to comply. Plaintiff's inaction amounts to an unreasonable delay in prosecuting this action, resulting in a presumption of injury. Therefore, the third factor—a risk of prejudice to defendants—also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

The fourth factor usually weighs against dismissal because public policy favors disposition on the merits. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted). By failing to submit a completed non-prisoner IFP application and curing the deficiencies identified by the Court in Plaintiff's original submission, (*see* Doc. 56), Plaintiff is not moving this case forward and is impeding its progress. Thus, the fourth factor—the public policy favoring disposition of cases on their merits—weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

Finally, the Court's warning to a party that failure to obey the court's orders will result in dismissal satisfies the "considerations of the alternatives" requirement. *Ferdik*, 963 F.2d at 1262. Here, the Court's February 11, 2026, order included the following: "**WARNING: A failure to timely comply with this Order will result in a recommendation that this action be dismissed for Plaintiff's failure to obey Court orders**." (Doc. 57 at 3, emphasis in original.) Moreover, the OSC issued January 21, 2026, included the following warning: "**<u>Failure to comply with this Order to Show Cause (OSC) will result in a recommendation that this action be dismissed for Plaintiff's failure to comply with court orders and failure to prosecute</u>**." (Doc. 53 at 3,

emphasis in original.) Finally, in the Court's First Informational Order in Prisoner/Civil Detainee Civil Rights Case, issued December 22, 2021, Plaintiff was advised that "In litigating this action, the parties must comply with this Order, the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), and the Local Rules of the United States District Court, Eastern District of California ("Local Rules"), as modified by this Order. Failure to so comply will be grounds for imposition of sanctions which may include dismissal of the case. Local Rule 110; Fed. R. Civ. P. 41(b)." (Doc. 5 at 1.) This order advised Plaintiff that "all Court deadlines are strictly enforced." (*Id*. at 5.) Thus, Plaintiff had adequate warning that dismissal could result from his noncompliance. The fifth factor—the availability of less drastic sanctions—also weighs in favor of dismissal. *Carey*, 856 F.2d at 1440.

In sum, Plaintiff has failed to comply with the Court's orders, and in doing so, has failed to prosecute this action. Whether Plaintiff has done so intentionally or mistakenly is inconsequential. It is Plaintiff's responsibility to comply with the Court's orders and to prosecute this action. The Court declines to expend its limited resources on a case that Plaintiff has chosen to ignore.

### III.    CONCLUSION AND RECOMMENDATIONS

For the foregoing reasons, the Court **RECOMMENDS** that this action be **DISMISSED** without prejudice for Plaintiff's failure to obey court orders and failure to prosecute.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed fifteen (15) pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations

under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   **March 10, 2026**                    /s/ *Sheila K. Oberto*

UNITED STATES MAGISTRATE JUDGE