UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

EARNEST S. HARRIS,

        Plaintiff,

    v.

E. MUNOZ, et al.,

        Defendants.

Case No. 1:21-cv-01800-JLT-SKO (PC)

**ORDER VACATING FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION FOR PLAINTIFF'S FAILURE TO OBEY COURT ORDERS AND FAILURE TO PROSECUTE**

(Doc. 58)

**ORDER DIRECTING CLERK OF THE COURT TO PROVIDE COURTESY COPIES AND A NON-PRISONER IN FORMA PAUPERIS APPLICATION**

**ORDER DIRECTING PLAINTIFF TO FILE A COMPLETE NON-PRISONER IN FORMA PAUPERIS APPLICATION WITHIN 14 DAYS**

Plaintiff Earnest S. Harris, a former state prisoner, is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. [1] This action proceeds on the

---

[1] Plaintiff is not entitled to the benefit of the prison mailbox rule as he has been released from custody. *See, e.g.*, *Gelazela v. United States*, No. 1:21-cv-01499-JLT-EPG (PC), 2024 WL 3675609, at *8, n.2 (E.D. Cal. Aug. 5, 2024) (finding the mailbox rule does not apply because plaintiff was released from custody when he filed his complaint); *Emasealu v. Gomez*, No. 1:22-cv-01326-HBK (PC), 2023 WL 5614937, at *1, n.2 (E.D. Cal. Aug. 30, 2023) ("Because Plaintiff is no longer incarcerated, he is not entitled to the mailbox rule"); *Estrada v. North Kern State Prison*, No. 1:18-cv-00667-DAD-SAB (PC), 2020 WL 590114, at *2 (E.D. Cal. Feb. 6, 2020) ("the Court reminds Plaintiff that, now that he has been released from custody, the prison mailbox rule no longer applies to his filings. … In the future, Plaintiff should ensure that any motions for extension of time, or other responses to Court deadlines, are mailed to the Court so they will be received by the applicable deadline").

following claims: (1) excessive force against Defendants Munoz and Arreguin; (2) deliberate indifference to serious medical needs against Defendant Romero; (3) retaliation against Defendants Munoz and Arreguin; and (4) a due process violation against Defendant Munoz.

## I.        RELEVANT BACKGROUND

On December 10, 2025, Defendants filed a motion to revoke Plaintiff's *in forma pauperis* (IFP) status, contending Plaintiff was no longer in custody and thus not entitled to proceed IFP under 28 U.S.C. section 1915(b)(1). (Doc. 50.)

On December 15, 2025, the Court issued its Order Staying Briefing on Defendants' Motion to Revoke In Forma Pauperis Status; Order Directing Clerk of the Court to Send Plaintiff a Non-Prisoner Application to Proceed In Forma Pauperis; and Order Directing Plaintiff to Submit Non-Prisoner Application to Proceed In Forma Pauperis. (Doc. 51.) Relevant here, Plaintiff was specifically ordered to "submit the attached non-prisoner application to proceed IFP, completed and signed," within 30 days. (*Id*. at 2.)

On January 8, 2026, Plaintiff filed a document titled "Motion: Opposition to Defendants' Motion to Revoke Forma Pauperis Status." (Doc. 52.) The filing was docketed as an opposition to Defendants' pending motion.

On January 21, 2026, when more than 30 days passed without a response from Plaintiff's to the December 2025 order, the Court issued its Order to Show Cause (OSC) in Writing Why Sanctions Should Not be Imposed for Plaintiff's Failure to Comply with the Court's Order to Submit Non-Prisoner Application to Proceed In Forma Pauperis. (Doc. 53.) Plaintiff was ordered to respond in writing, or, alternatively, to "submit a completed and signed non-prisoner IFP application as originally ordered" within 14 days. (*Id*. at 3.)[2] On February 10, 2026, Plaintiff submitted a signed non-prisoner IFP application. (Doc. 56.)

On February 11, 2026, the Court issued its Order Discharging Order to Show Cause, Order Directing Clerk of the Court to Serve Plaintiff with a Courtesy Copy of Docket Entry Number 56, and Order Directing Plaintiff to Provide a Complete Answer to Question 6 on the

---

[2] The OSC also noted Plaintiff's disregard of the stay on briefing. (*See* Doc. 53 at 2, n.1.)

Non-Prisoner In Forma Pauperis Application Within 14 Days. (Doc. 57.)

On March 10, 2026, when more than 14 days passed without a response to the Court's February 11, 2026, order requiring a complete response to Question 6, the Court issued Findings and Recommendations to Dismiss Action for Plaintiff's Failure to Obey Court Orders and Failure to Prosecute. (Doc. 58.) Objections were due within 14 days. (*Id*. at 5-6.)  On March 24, 2026, Plaintiff filed his objections. (Doc. 59.)

**II.    DISCUSSION**

Plaintiff's objections ask the Court "to reinstate this § 1983 lawsuit." (Doc. 59.) Plaintiff states he submitted a non-prisoner IFP application by mailing it to the Court on "Feb. 6, 2026" and that he does "not know what the Post Office did with it." (*Id*. at 1-2.) Plaintiff states: "I would need the Court to re-send another Application …." (*Id*. at 2.) In conclusion, Plaintiff asserts "everything in the [above-mentioned] statements are true and accurate and made under the penalty of [perjury]." (*Id*.)

First, there is nothing to "reinstate." This action has not been dismissed. Rather, the undersigned *recommended* the action be dismissed for Plaintiff's failure to obey court orders and failure to prosecute. Only the assigned district judge can dismiss this action.

Second, the Court notes Plaintiff's "summary" omits any reference to the Court's February 11, 2026, order. Instead, Plaintiff asserts he mailed the non-prisoner IFP application on February 6, 2026[3] — yet that is the *incomplete* IFP application that was specifically addressed in the February 11 order. Plaintiff's objections make no reference to Question 6, identified in the February 11 order as lacking a description and the amounts paid for Plaintiff's "'rent, phone bill, utilities.'" (*See* Doc. 57 at 2, 3.) Because the Court served the February 11, 2026, to Plaintiff's address of record that same date, the Court is concerned about Plaintiff's lack of reference to the February 11 order in his objections — objections that respond to the Findings and Recommendations issued on *March* 10, 2026, and served on Plaintiff at his address of record on that same date. Despite its reservations, the Court will vacate the Findings and Recommendations and allow Plaintiff **one final opportunity** to submit a *complete* non-prisoner

---

[3] That IFP application was received and filed on February 10, 2026. (*See* Doc. 56.)

IFP application within 14 days.

### III.    CONCLUSION AND ORDER

Accordingly, the Court **HEREBY ORDERS** as follows:

1.  The Findings and Recommendations issued March 10, 2026 (Doc. 58) are **VACATED**;

2.  The Clerk of the Court is **DIRECTED** to provide Plaintiff with a one-time courtesy copy of the Court's February 11, 2026, order, including any documents or copies referred to therein, as well as another non-prisoner IFP application form; and

3.  Plaintiff **SHALL** submit a *complete*, signed non-prisoner IFP application, including a complete response to Question 6, **within 14 days** of the date of service of this order.

**WARNING: Plaintiff is advised that any failure to submit a complete, signed non-prisoner IFP application will result in a re-issuance of the Findings and Recommendations to dismiss this action for Plaintiff's failure to obey court orders and failure to prosecute.**

IT IS SO ORDERED.

Dated:    **March 25, 2026**                    /s/ *Sheila K. Oberto*
                                    UNITED STATES MAGISTRATE JUDGE

4