UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

EARNEST S. HARRIS,

        Plaintiff,

    v.

E. MUNOZ, et al.,

        Defendants.

Case No. 1:21-cv-01800-JLT-SKO (PC)

**FINDINGS AND RECOMMENDATIONS TO GRANT DEFENDANTS' MOTION TO DISMISS PURSUANT TO 28 U.S.C. § 1915(e)(2)**

(Doc. 62)

<u>14-Day Objection Period</u>

Plaintiff Earnest S. Harris, a former state prisoner, is proceeding pro se and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.[1]

**I.       RELEVANT BACKGROUND**

On December 10, 2025, Defendants Arreguin, Munoz, and Romero moved to revoke Plaintiff's *in forma pauperis* (IFP) status, contending Plaintiff could no longer proceed pursuant to 28 U.S.C. section 1915(b)(1) in this action because he was no longer incarcerated. (Doc. 60.)

On December 15, 2025, the Court stayed briefing on Defendants' motion pending receipt of a non-prisoner application to proceed IFP by Plaintiff. (Doc. 51.)

Ultimately, on April 7, 2026, Plaintiff filed a completed and signed non-prisoner IFP

---

[1] This action proceeds on the following claims: (1) excessive force against Defendants Munoz and Arreguin; (2) deliberate indifference to serious medical needs against Defendant Romero; (3) retaliation against Defendants Munoz and Arreguin; and (4) a due process violation against Defendant Munoz. (*See* Doc. 13.)

application. (Doc. 61; *see also* Docs. 56-60.)

On April 8, 2026, Defendants filed Defendants' Objection and Opposition to Plaintiff's Application to Proceed In Forma Pauperis and Notice of Motion and Motion to Dismiss. (Doc. 62.)[2] Briefly stated, Defendants contend Plaintiff's non-prisoner IFP application contains material misrepresentations and that this action should be dismissed in its entirety due to Plaintiff's dishonesty. (*Id*.)

On April 10, 2026, the Court issued its Order Lifting Stay on Briefing and Order Directing Plaintiff to File Opposition by May 1, 2026. (Doc. 63.) Specifically, Plaintiff was ordered to "file any opposition(s) to Defendants' motion to revoke IFP status … and/or to Defendants' objection and motion to dismiss … no later than **May 1, 2026**." (*Id*. at 2, emphasis in original.)

On May 5, 2026, Plaintiff filed a "Motion: Reply to Defendant(s) Motion of Objection to Forma Pauperis Application."[3] (Doc. 65.)

**II.    DISCUSSION**

***The Relevant Submissions***

In the completed IFP application submitted on April 7, 2026, Plaintiff declares under penalty of perjury that he is employed at Smart and Final in Oakland, California, and earns $1,800 a month in take home pay. (Doc. 61.) He further declares he has not received any income from the following sources in the preceding twelve months: business, profession, or other self-employment; rent payments, interest, or dividends; pension, annuity, or life insurance payments; disability, or workers' compensation payments; gifts or inheritances; or "[a]ny other sources." (*Id*. at 1.) Plaintiff declares he has $300 in cash or a bank account and owns a Dodge Charger valued at $1,200. (*Id*. at 2.) He identifies the following monthly expenses: $500 in housing costs, $400 for gas, $200 for automobile insurance, $75 for utilities, and $300 for groceries. (*Id*.)

---

[2] The docket entry references only Defendants' objections to Plaintiff's IFP application. Nevertheless, Defendants also moved to dismiss this action.

[3] The docket entry reads "REPLY to Defendants' Motion … of Objection to Forma Pauperis Application …" A review of the filing confirms that despite the pleading's title or the docket entry language, Plaintiff filed an untimely opposition to Defendants' motion to dismiss following the Court's April 10, 2026, Order.

2

Finally, Plaintiff declares he has no dependents and owes no debts or obligations. (*Id.*)

In their objections and motion to dismiss, Defendants note that Plaintiff's April 7 IFP application was signed March 3, 2026 — they allege that date "does not make sense when considering the actual filing date of the Application was April 7, 2026, and when considering the representations that Plaintiff made in his Objections [to later vacated findings and recommendations to dismiss] that were submitted March 24, 2026.[4] (Doc. 62 at 4.) Next, Defendants advise that on March 16, 2026, more than three weeks before the April 7 IFP application was filed, Plaintiff received a $5,000 settlement payment in another action filed against employees of the California Department of Corrections and Rehabilitation. (*Id.* at 4, 8.) Plaintiff failed to disclose this settlement payment. (*Id.* at 5.)

Defendants contend Plaintiff has misrepresented his finances to the Court. (Doc. 62 at 5.) Specifically, Defendants argue Plaintiff intentionally and in bad faith failed to disclose the March 16, 2026, settlement payment, and deliberately misrepresented his income as compared to testimony taken during Plaintiff's deposition. (*Id.* at 5-6.) During the deposition, Plaintiff indicated he worked full time at Smart and Final and "specifically stated that meant he worked 40-hour weeks." (*Id.* at 6.) Defendants calculate that 40 hours a week multiplied by Oakland's $17.24 per hour minimum wage means Plaintiff earns $693.60 per week, or about $2,774.40 a month, a sum "far more" than the $2,300 claimed by Plaintiff in the April 7 IFP application. (*Id.*) Defendants argue that Plaintiff is either misrepresenting his income or he committed perjury during his deposition. (*Id.*)

Defendants contend Plaintiff misrepresented the settlement payment and his salary-based income on both IFP applications because (1) Plaintiff claimed a lower amount — $1,300 per month ——on the first, incomplete application versus $2,300 on the completed April 7 IFP application, and (2) he failed to notify the Court that he had entered into a settlement agreement involving an expected $5,000 payment. As a result of those materials misrepresentations, Defendants maintain this Court should dismiss the action "for Plaintiff's abuse of the IFP process

---

[4] In that filing, Plaintiff stated he "only had one Application" and requested the Court "re-send another Application." (Doc. 59 at 2.) On March 26, 2026, the Court instructed the Clerk of the Court to provide Plaintiff with "another non-prisoner IFP application …." (Doc. 60 at 4.)

and Plaintiff's deception to the Court" as provided for in 28 U.S.C. section 1915(e)(2) concerning untrue allegations of poverty. (*Id*. at 6-7.)

In his untimely[5] response filed May 5, 2026, Plaintiff states he was granted IFP status and ordered to pay a $350 filing fee (over time) and that he paid that fee.[6] (Doc. 65 at 1.) Plaintiff asserts that Defendants' claims that he is attempting to deceive the Court are "as if [he's] a worthy millionaire hiding money from a ex-wife." (*Id*.) He claims that is not the case and that he is "poor and among the many working poor." (*Id*.) Plaintiff states he attempted "to keep the non-incarcerated forma pauperis form as it was when [he] first filed it and it was sent back to [him]. So it want be confusing." (*Id*.) He states his take home pay in March was "around $1,600" and less than February. (*Id*. at 1-2.) Plaintiff claims his "hours and days have been cut" and gas, food, insurance, and rent expenses have increased. (*Id*. at 2.) Plaintiff states he has "debt on [two] convictions, one in Kern County, the other in Kings County, totaling around $600.00" and parking tickets totaling $400.00. (*Id*.) Further, Plaintiff claims car repairs, including "cracked" rims and two flat tires, cost him $2,000. (*Id*.) He maintains he must buy clothing because he was incarcerated "for over 30 years and "shoes, clothes and work clothes" total over $1,000. (*Id*.)

Next, Plaintiff states he did not include the $5,000 in settlement funds because he "didn't have it when [he] sent the first non-incarcerated forma pauperis form in," that the money "is nearly gone," and that it is "not a income based on a job." (Doc. 65 at 2.) He asserts those funds replaced "the money [he] was no longer making at [his] job," referencing inconsistency concerning the number of days he works per week "since January." (*Id*.) Plaintiff states he worked five days a week during the holidays and the "holidays are over and the company hired new employees so everyone got their hours cut except managers and supervisors." (*Id*.) In conclusion, Plaintiff states he did not include all his expenses because he "tried to keep it

---

[5] Plaintiff's submission was signed and served on April 30, 2026. (Doc. 65 at 2-3.) However, as Plaintiff was repeatedly advised (*see* Doc. 57 at 3, fn. 2 & Doc. 60 at 1, fn. 1), because he is no longer incarcerated, he does not benefit from the mailbox rule and the Court must receive his submission on or before the applicable deadline for it to be considered timely.

[6] The undersigned confirmed with the Court's Budget and Financial Specialist that Plaintiff has paid the full $350 filing fee for this action; three payments were received in the sums of $190, $60, and $150.

simple" but cannot afford to pay "another $350 fee" in this case. He asks the Court to deny Defendants' motion to dismiss. (*Id.*)

### *The Applicable Legal Standards*

IFP status is a privilege, not a right. *Rodriguez v. Cook*, 169 F.3d 1176, 1179 (9th Cir. 1999). And to aid "in protection of the public against a false or fraudulent invocation of" the IFP statute's benefits, a litigant seeking to proceed without prepaying the filing fee must submit an affidavit under penalty of perjury. *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 205 (1993) (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 338 (1948)).

"[Title 28 of the United States Code section] 1915(e) applies to all 'in forma pauperis complaints,' filed by both prisoners and non-prisoners." *Owens v. Brewer*, No. 2:22-cv-1765 CSK P, 2025 WL 449290, at *4 (E.D. Cal. Feb. 10, 2025), recommendation adopted 2025 WL 895234 (E.D. Cal. Mar. 24, 2025). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that... the allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2). "To dismiss [a] complaint pursuant to § 1915(e)(2), a showing of bad faith is required, not merely inaccuracy." *Escobedo v. Applebees*, 787 F.3d 1226, 1235 n.8 (9th Cir. 2015). Where "the allegation of poverty is untrue but there is no showing of bad faith, the court should impose a lesser sanction than outright dismissal with prejudice." *Witkin v. Lee*, No. 2:17-cv-0232-JAM-EFB P, 2020 WL 2512383, at *3 (E.D. Cal. May 15, 2020), recommendation adopted, 2020 WL 4350094 (E.D. Cal. July 29, 2020), appeal dismissed, 2020 WL 8212954 (9th Cir. Dec. 9, 2020).

### *Defendants' Motion to Dismiss Should Be Granted*

The undersigned finds Plaintiff's allegation of poverty in the pending IFP applications was untrue because he had recently received $5,000 in settlement proceeds that he failed to reference in his April 7 IFP application. In the Declaration of Audra C. Call, counsel for Defendants, Ms. Call declares under penalty of perjury that following her review of another case involving Plaintiff that was also handled by the Attorney General's Office, she learned "Plaintiff

reached a settlement in the amount of $5,000 on or about September 19, 2025"[7] and that she was advised by the State Controller's office that a $5,000 payment was issued to Plaintiff on March 16, 2026. (Doc. 62 at 8, ¶¶ 2-3.) Notably, Plaintiff's opposition does not address Defendants' assertion that the March 3, 2026, signature date "does not make sense when considering the actual filing date of the Application was April 7, 2026." On this record, the March 3 date alongside Plaintiff's signature is problematic. Plaintiff asked the Court on March 19, 2026, "to re-send another Application" because he "only had one." The Court then directed the Clerk to "provide another non-prisoner IFP application" in its March 26 Order. Considering Plaintiff's previous statement, coupled with lapse in time between March 3 and April 7 when the Court's received the completed IFP application – a period of 35 days – the Court concludes Plaintiff's entry of "3/3/26" on the April 7 IFP application is inaccurate and untrue. Instead, the Court concludes that Plaintiff was likely in receipt of the $5,000 in settlement proceeds at the time he completed the most recent IFP application and intended to deceive the Court when he dated the application March 3rd and failed to include the settlement proceeds as another source of income. *Rowland*, 506 U.S. at 205; *Cash v. Resurgent Capital Services, L.P.*, No. 2:24-cv-10356-ODW (SKx), 2025 WL 2963028, at *1 (C.D. Cal. Oct. 20, 2025) (granting Resurgent's motion to dismiss, finding bad faith and false representations, and noting "Cash checked 'No' to every potential source of income. … Thus, Cash represented to this Court that in the year prior to filing this action, his only source of income was his monthly salary of $2,150. … Cash did not disclose income he received from his settlement payments in his IFP request").

Defendants also assert Plaintiff mispresented his earned income. Defense counsel declares that during Plaintiff's November 24, 2025, deposition, Plaintiff testified he was employed by Smart and Final on a full-time basis, working 40-hour work weeks. (*Id.*, ¶ 5.) The undersigned's review of the February 10 and April 7 IFP applications further reveals a discrepancy between Plaintiff's stated pay or wages from his employment at Smart and Final: in

---

[7] The Court takes judicial notice of the docket in *Harris v. Sexton*, Case No. 1:18-cv-00080-DC-SCR, and docket entry 143 (Notice of Settlement, reflecting the parties resolved the action in its entirety on 9/19/25), 150 (Stipulation for Voluntary Dismissal with Prejudice) and 151 (Clerk's Notice of Dismissal, closing case [text entry only]). *See Harris v. County of Orange*, 682 F.3d 1126, 1131–32 (9th Cir. 2012) (court may take judicial notice of "documents on file in federal or state courts").

February, Plaintiff claimed gross pay of $1,300 a month and take home pay of $1,060 whereas in April, Plaintiff claimed gross pay of $2,300 a month and take home pay of $1,800 a month. And Plaintiff's opposition muddies the waters even further. In addition to stating his "hours and days have been cut," Plaintiff now claims his take home pay in March was "around $1,600" and less than February. But, again, in February Plaintiff claimed his take home pay was $1,060, a difference of $540 and a contradiction of Plaintiff's own making. Notably too, if Plaintiff worked full time during the holidays and when the "holidays" were over "the company hired new employees so everyone got their hours cut except managers and supervisors," such an assertion appears at odds with his earned income information on the April 7 IFP application as compared to his earlier application.

Plaintiff's opposition reveals further inaccuracies in his prior submissions. Plaintiff now asserts he has "debt on [two] convictions, one in Kern County, the other in Kings County, totaling around $600.00" and parking tickets totaling $400.00. But that information is missing from his April 7 IFP submission because he answered Question number 8 concerning "[a]ny debts or financial obligations," with "No debts" (*see* Doc. 61 at 2) and in February his response to the same question was "$0#" (*see* Doc. 56 at 2).

Turning to a determination regarding bad faith, the Court concludes Plaintiff has acted in bad faith. In his opposition to Defendants' motion, Plaintiff asserts he did not include the $5,000 in settlement funds because he "didn't have it when [he] sent the first non-incarcerated forma pauperis form in," that the money "is nearly gone," and that it is "not a income based on a job." First, and significantly, Plaintiff did not declare he had *not* yet received the settlement funds at the time he filed the completed April 7 IFP application; his statement reflects only that he was not in receipt of those funds in February. Second, the fact the settlement funds are "nearly gone" and that Plaintiff was just trying "to keep it simple" does not excuse Plaintiff's failure to disclose them in the first instance. *Owens*, 2025 WL 449290, at *4 ("plaintiff was still required to report the $50,000 settlement proceeds in his in forma pauperis application"). And this Court's order in another case is particularly apt on this point:

> Even accepting as true Plaintiff's assertion that the "lions share" of his settlement proceeds went to paying "previous filing fees to the Courts and other debts," and that his spending patterns during the relevant timeframe are in line with his past spending patterns, this does not justify his dishonesty related to his sources of income. … The Court is not moved by Plaintiff's explanation that his "[f]ailure to mention those funds in his [IFP application was] not done in bad faith, but simply to avoid having to explain to the Court that the funds were never available to him to pay filing fees." …. Disclosure is required so that the Court and the other parties can properly assess whether permitting a party to proceed IFP is appropriate. Finally, the fact that the entire filing fee for this case may have already been paid through periodic, automatic deductions from Plaintiff's trust fund account … is not dispositive. Plaintiff's bad faith withholding of information, coupled with his diversion of available funds, justifies dismissal under the relevant authorities."

*See Jackson v. Pfeiffer*, No. 1:21-cv-00452 JLT CDB, 2024 WL 1932164, at *1 (E.D. Cal. May 2, 2024) (order adopting findings and recommendations to grant motion to dismiss because Jackson withheld material information and did so in bad faith).

As concerns Plaintiff's explanation that settlement proceeds are not "income" based "on a job," that distinction is irrelevant. A party seeking to proceed IFP is asked about multiple sources of income not merely that which is generated by employment. Similarly, to the extent Plaintiff claims confusion or unfamiliarity with the non-prisoner IFP application, the Court is not persuaded. The form clearly asks the applicant to identify all income, including from "[a]ny other source," received in the previous twelve months. That same information is sought in the application completed by prisoners and was asked of Plaintiff when he completed his original IFP application when he initiated this action.[8] *See Owens*, 2025 WL 449290, at *6 ("Plaintiff's application to proceed in forma pauperis clearly asked plaintiff to identify all income he received in the past 12 months. … For this reason, this Court is not persuaded by plaintiff's argument that he did not understand the 'regular citizen form.' This argument also appears to contradict plaintiff's claim that he failed to report the $50,000 settlement money because he could not afford to pay the filing fee").

Next, the Court considers Plaintiff's history of litigation. In this Court, Plaintiff has filed three other actions, including two suits filed prior to 2021: (1) *Harris v. Sexton*, No. 1:18-cv-

---

[8] *See* Doc. 2 at 1, Question 3 (signed and dated 12/14/2021).

00080-DC-SCR; (2) *Harris v. Neve*, No. 1:19-cv-01338-AWI-JLT; and (3) *Harris v. Ceballos*, No. 1:24-cv-00389-JLT-BAM. And a review of the Public Access to Court Electronic Records (PACER) tool confirms as much and further reveals that Plaintiff filed six prisoner civil rights actions in the United States District Court for the Northern District of California between 2004 and 2018: (1) *Harris v. Waycott*, No. 3:04-cv-00309-MJJ; (2) *Harris v. Horel*, No. 3:07-cv-04924-MJJ; (3) *Harris v. Horel*, No. 4:06-cv-07761-SBA; (4) *Harris v. Harman*, No. 4:15-cv-01117-JST; (5) *Harris v. McCumsey*, No. 4:16-cv-01487-JST; and (6) *Harris v. Director of C.D.C.R.*, No. 4:18-0114-JST. Thus, the Court finds Plaintiff is an experienced litigator and is not persuaded by any reason offered for Plaintiff's failure to disclose provided settlement funds; Plaintiff's familiarity with the IFP process makes it likely his deception was intentional. *See Puckett v. Heath*, No. 2:22-cv-0476-DJC-CKD P, 2026 WL 145895, at *3 (E.D. Cal. Jan. 20, 2026) ("Plaintiff's other cases filed in this court demonstrate his familiarity with the IFP system, making it more likely that any deceptive conduct was intentional"); *Vann v. Commissioner of N.Y. City Dept. of Correction*, 496 Fed.Appx. 113, 114 (2nd Cir. 2012) ("Yet, although a prisoner's misrepresentation of his or her financial assets might not necessarily rise to the level of an untrue allegation of poverty requiring dismissal in all cases, dismissal under § 1915(e)(2)(A) is certainly appropriate where a plaintiff conceals or misrepresents his or her financial assets or history in bad faith to obtain in forma pauperis status. … Bad faith in this context includes deliberate concealment of income in order to gain access to a court without prepayment of filing fees. … To determine whether a plaintiff has acted in bad faith a court may consider a plaintiff's familiarity with the *in forma pauperis* system and history of litigation"); *Owens*, 2025 WL 449290, at *6 ("plaintiff is an experienced litigator. For this reason, this Court is not persuaded by plaintiff's argument that plaintiff failed to report the $50,000 income from the settlement in case no. 2:16-cv-2750 JAM KJN P in his application to proceed in forma pauperis due to confusion caused by the litigation of multiple actions").

The fact Plaintiff has already paid the filing fee for this action while being incarcerated does not mean his case should not be dismissed. In fact, any time the Court determines an allegation of poverty is untrue, it is required to dismiss the case. 28 U.S.C. § 1915(e)(2)

("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the allegation of poverty is untrue").

Finally, Defendants ask the Court to dismiss the action with prejudice. "[I]t is within the district court's discretion whether to dismiss with or without prejudice." *Puckett v. Lynch*, No. 2:23-cv-0903 KJM SCR P, 2025 WL 553307, at *5 (E.D. Cal. Feb. 19, 2025). The undersigned will recommend this action be dismissed with prejudice considering the findings that Plaintiff's allegations of poverty are inaccurate and untrue and that he acted with bad faith. *Witkin v. Lee*, 2020 WL 2512383, at *6 (concluding the case must be dismissed with prejudice following findings of dishonesty and bad faith).

In sum, Plaintiff allegations of poverty are inaccurate and untrue and he acted in bad faith. Therefore, dismissal of this action is appropriate. *Escobedo*, 787 F.3d at 1235 n.8.

**III.     CONCLUSION AND RECOMMENDATION**

For the reasons stated above, the Court **HEREBY RECOMMENDS** that:

1.  Defendants' motion to dismiss (Doc. 62) be **GRANTED**;

2.  This action be **DISMISSED** with prejudice; and

3.  The Clerk of the Court be directed to terminate any pending motions and/or deadlines and to close this case.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** after being served with a copy of these Findings and Recommendations, a party may file written objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed fifteen (15) pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections. To the extent a party wishes to refer to any exhibit(s), the party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the fifteen (15) page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time

may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014).

IT IS SO ORDERED.

Dated:   **May 11, 2026**

_____
UNITED STATES MAGISTRATE JUDGE

11