# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARNEST S. HARRIS,<br><br>           Plaintiff,<br><br>     v.<br><br>E. MUNOZ, et al.,<br><br>           Defendants. | Case No. 1:21-cv-01800-JLT-SKO (PC)<br><br>ORDER DECLINING TO ADOPT FINDINGS AND RECOMMENDATIONS, DENYING MOTION TO DISMISS, DENYING MOTION TO PROCEED IFP, AND GRANTING MOTION TO REVOKE IFP STATUS<br><br>(Docs. 50, 56, 61, 62, 66) |

Earnest S. Harris, a former state prisoner, seeks to hold defendants liable for violations of his civil rights. He is proceeding pro se. This matter was referred to a United States Magistrate Judge under 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

The magistrate judge recommends dismissing this action with prejudice because Harris's application to proceed in forma pauperis contained a untrue allegation of poverty under 28 U.S.C. § 1915(3)(2)(A). (Doc. 66.) Plaintiff filed objections by the applicable deadline. (Doc. 67.) The Court has reviewed the matter de novo.

After Harris applied to proceed in forma pauperis as a non-incarcerated plaintiff, but before he updated that application in response to the magistrate judge's instruction, he received a $5,000 settlement payment. (*See* Doc. 65.) He admits that he omitted this payment from his updated application. (*See id.*) He explains the omission as a misunderstanding: "I didn't include the $5,000 settlement payment because I didn't have it upon when I sent the first non-incarcerated

in forma pauperis form in." (*Id.* at 2.)  He claims "that money is nearly gone" in any event— spent on living expenses and other obligations.  (*Id.*)

Harris has offered inconsistent descriptions of his income and debts.  As the magistrate judge accurately summarized, he has sometimes estimated his monthly income as high as $2,300 and as low as $1,060.  (*See* Doc. 66 at 6–7.)  He has also claimed various debts without disclosing them in his applications to proceed in forma pauperis.  (*See id.* at 7.)

"To dismiss [Harris's] complaint pursuant to § 1915(e)(2), a showing of bad faith is required, not merely inaccuracy."  *Escobedo v. Applebees*, 787 F.3d 1226, 1235 n.8 (9th Cir. 2015).  The magistrate judge concluded that the inaccuracies in Harris's applications were likely to have been an intentional attempt at deception, not the results of a mistake or misunderstanding.  The magistrate judge cited Harris's history as an experienced pro se litigator, his changing financial disclosures and shifting explanations for his actions, and the clarity of the relevant questions in the form that Harris completed.  (*See* Doc. 66 at 6–10.)

It is admittedly a close case.  On balance, the Court cannot agree that Harris was probably attempting to manufacture a false claim of poverty in bad faith, rather than just failing to take the process seriously.  The discrepancies at issue are no so significant as to support a confident finding of intentional deception.  The defendants had also already informed the Court about the settlement and Harris's regular income.  (Doc. 50 at 5 (discussing Harris's testimony in a deposition about his full-time job, his living arrangements, and his admission "that he [had] entered into a settlement agreement in the last few months in another Section 1983 action wherein he obtained a multi-thousand dollar settlement.").)

Having reviewed the record, however, the Court does find that Harris's application falls short of showing that he "cannot pay the court costs and still afford the necessities of life." *Escobedo*, 787 F.3d at 1234.  His statements about his finances do not demonstrate poverty with an acceptable degree of "particularity, definiteness and certainty.'"  *Id*. (quoting *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981)).

The Court therefore **DECLINES TO ADOPT** the Findings and Recommendations (Doc. 66), **DENIES** the motion to dismiss (Doc. 62), **DENIES** the motions to proceed in forma

2

pauperis (Docs. 56, 61), and **GRANTS** the motion to revoke Plaintiff's IFP status (Doc. 50.)

This matter is **REFERRED** again to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated:   July 8, 2026

UNITED STATES DISTRICT JUDGE