UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARNEST S. HARRIS,<br><br>    Plaintiff,<br><br>    v.<br><br>E. MUNOZ, et al.,<br><br>    Defendants. | Case No. 1:21-cv-01800-JLT-EGC (PC)<br><br>**ORDER DIRECTING PLAINTIFF TO PAY $55.00 ADMINISTRATIVE FEE FOR THIS ACTION** |

Plaintiff Earnest S. Harris, a former state prisoner, is proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

**I.      INTRODUCTION**

On July 8, 2026, District Judge Jennifer L. Thurston issued her Order Declining to Adopt Findings and Recommendations, Denying Motion to Dismiss, Denying Motion to Proceed IFP, and Granting Motion to Revoke IFP Status. (Doc. 68.)

**II.     DISCUSSION**

The *in forma pauperis* statute, 28 U.S.C. § 1915, distinguishes unincarcerated indigent people from incarcerated ones. Under § 1915(a)(1), a non-prisoner plaintiff may file suit without prepaying fees, provided he or she submits an affidavit demonstrating "that the person is unable to pay such fees or give security therefor." *Escobedo v. Applebees*, 787 F.3d 1226, 1232 (9th Cir. 2015). On the other hand, an indigent prisoner is not exempt from prepayment. 28 U.S.C. § 1915(b)(1). Instead, the prisoner must submit a copy of his or her trust account statement, make an initial payment, followed by subsequent monthly installments, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(1)-(2).

As the Court has previously acknowledged, Plaintiff paid the $350.00 filing fee for this action during the period he was incarcerated. (*See* Doc. 66 at 4, n.6.) Relevant here, Judge

Thurston's July 8, 2026, order denied Plaintiff's "motions to proceed in forma pauperis (Docs. 56, 61)" and granted Defendants' "motion to revoke Plaintiff's IFP status (Doc. 50)." (*See* Doc. 68 at 3.)

Therefore, although Plaintiff has paid a $350.00 filing fee for this action, the Court finds he is responsible for paying the difference between $350.00 and the full filing fee of $405.00, which represents the $55.00 administrative fee. *See, e.g.*, *Witkin v. Lotersztain*, No. 2:19-cv-0406 DJC KJN, 2024 WL 485026, at *1 (E.D. Cal. Jan. 25, 2024) ("If plaintiff is no longer indigent, he will be required to pay the court's required filing fee of $350.00 plus the $55.00 administrative fee …"); *Garland v. Jones*, No. 2:22-cv-01494-EFB (PC), 2024 WL 2700701, at *3 (E.D. Cal. May 24, 2024) (revoking IFP status and ordering plaintiff to pay "both the $350.00 filing fee and the $55.00 administrative fee for a civil action"). "Litigants proceeding in forma pauperis are not required to pay the $55.00 administrative fee and are allowed to make payments towards the filing fee. Litigants who are out of custody and not granted leave to proceed in forma pauperis must pay the court's filing and administrative fees in full." *Witkin,* 2024 WL 485026, at *1, n.2.

### III.   CONCLUSION AND ORDER

Accordingly, for the reasons stated above, the Court **HEREBY ORDERS** Plaintiff to pay the $55.00 administrative fee for this action **within 21 days** of the date of service of this order. A failure to timely pay the administrative fee will result in a recommendation that this action be dismissed for Plaintiff's failure to obey court orders.

IT IS SO ORDERED.

Dated:   **July 9, 2026**

_____
UNITED STATES MAGISTRATE JUDGE