UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

EARNEST S. HARRIS,

Plaintiff,

v.

E. MUNOZ, et al.,

Defendants.

Case No. 1:21-cv-01800-JLT-EGC (PC)

**ORDER GRANTING DEFENDANTS' PARTE REQUEST TO EXTEND THE DISPOSITIVE MOTION FILING DEADLINE**

(Doc. 71)

Plaintiff Earnest S. Harris is proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983.

**I. RELEVANT BACKGROUND**

On July 30, 2026, the Court issued its Order Resetting Dispositive Motion Deadline. (Doc. 70.)

On September 23, 2026, Defendants filed an ex parte application to extend the dispositive motion filing deadline. (Doc. 71.)

The Court finds a response from Plaintiff is unnecessary.

**II. DISCUSSION**

District courts have broad discretion to control the course of litigation under Rule 16 of the Federal Rules of Civil Procedure. *Hunt v. County of Orange*, 672 F.3d 606, 616 (9th Cir. 2012). Additionally, the district court has broad discretion to control its docket, including ruling

on requests for extensions of time. *See Williams v. Kalisher*, 718 F. App'x 561 (9th Cir. 2018) (citing *FTC v. Gill*, 265 F.3d 944, 957 (9th Cir. 2001)).

Defendants request the Court extend the deadline for the filing of dispositive motions from September 28 to October 12, 2026. (Doc. 71 at 3.) The request is supported by the Declaration of Audra C. Call. (*Id*. at 5-10.) Briefly stated, defense counsel declares that within the last 60 days she has filed a "significant number of filings" in her assigned cases, including a motion for summary judgment and a reply to a motion to dismiss in cases filed in the Central District of California, as well as a motion to dismiss and discovery responses in other actions filed in this district. (*Id*. at 9, ¶ 30.) Further, defense counsel performs "various supervisorial tasks consisting of meetings, reviewing filings, and other administrative tasks" that require a significant expenditure of her time. (*Id*.) Moreover, counsel declares she traveled to Fresno to supervise a trial from September 1 through September 3, 2026. (*Id*.) Next, counsel declares that due to the press of business, she has been unable to complete the summary judgment motion in this case. (*Id*., ¶ 31.) Counsel declares her belief that the requested extension would "preserve the time and resources of the Court in avoiding an unnecessary trial" and would not prejudice Plaintiff as the requested extension is short and a trial date has not been set; therefore, there are no other deadlines that would be affected by the request. (*Id*., ¶¶ 32-33.) She declares that Defendants' request is not made to harass Plaintiff or delay these proceedings. (*Id*., ¶ 35.) Lastly, counsel declares she emailed Plaintiff regarding her intent to seek the requested extension; Plaintiff advised he would not stipulate to an extension and that he opposed the request. (*Id*., ¶¶ 36-37.)

Despite Plaintiff's opposition to the requested extension, the Court finds good cause to grant Defendants' request. Thus, the Court will extend the deadline for filing dispositive motions to October 12, 2026.

**III. CONCLUSION AND ORDER**

Accordingly, for good cause shown, the Court **HEREBY ORDERS** that:

1. Defendants' ex parte application to extend the dispositive motion filing deadline (Doc. 71) is **GRANTED**; and

2. The deadline for the filing of pre-trial dispositive motions is thus **EXTENDED** from September 28, 2026 to **October 12, 2026**.

IT IS SO ORDERED.

Dated: **September 24, 2026**

UNITED STATES MAGISTRATE JUDGE