UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EARNEST S. HARRIS,<br>Plaintiff,<br>v.<br>E. MUNOZ, et al.,<br>Defendants. | Case No. 1:21-cv-01800-JLT-EGC (PC)<br>**ORDER TO SHOW CAUSE IN WRITING WHY SANCTIONS SHOULD NOT BE IMPOSED FOR PLAINTIFF'S FAILURE TO OPPOSE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br>14-Day Response Deadline |

Plaintiff Earnest S. Harris, a former state prisoner, is proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on the following claims: (1) excessive force against Defendants Munoz and Arreguin; (2) deliberate indifference to serious medical needs against Defendant Romero; (3) retaliation against Defendants Munoz and Arreguin; and (4) a due process violation against Defendant Munoz.

**I. INTRODUCTION**

On September 24, 2026, the Court extended the deadline for the filing of pre-trial dispositive motions to October 12, 2026. (Doc. 72.)

On October 12, 2026, Defendants filed a motion for summary judgment addressing the merits of Plaintiff's claims; it was accompanied by a *Rand*[1] notice. (Docs. 73 & 73-3.)

---

[1] *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

More than 21 days have passed following the filing of Defendants' summary judgment motion, yet Plaintiff has failed to file an opposition or statement of non-opposition to the pending motion.

**II. DISCUSSION**

The Local Rules, corresponding with Rule 11 of the Federal Rules of Civil Procedure, provide that the "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets" and, in exercising that power, may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth., City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to prosecute an action, obey a court order, or comply with local rules. *See, e.g., Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with a court order to amend a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130-31 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Further, this Court's Local Rules also provide: "Opposition, if any, to the granting of the motion shall be served and filed by the responding party not more than twenty-one (21) days after the date of service of the motion. A responding party who has no opposition to the granting of the motion shall serve and file a statement to that effect …. Failure of the responding party to file an opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion and may result in the imposition of sanctions." Local Rule 230(*l*).

Here, Plaintiff has failed to comply with this Court's Local Rules. Despite the passage of more than 21 days, Plaintiff has failed to file either an opposition or statement of non-opposition to Defendants' pending summary judgment motion.

//

//

//

Notably too, Plaintiff is no longer incarcerated; therefore, he is not entitled to the prison mailbox rule that would afford additional time for mailing.[2] *See, e.g.*, *Gelazela v. United States*, No. 1:21-cv-01499-JLT-EPG (PC), 2024 WL 3675609, at *8, n.2 (E.D. Cal. Aug. 5, 2024) (finding the mailbox rule does not apply because plaintiff was released from custody when he filed his complaint); *Emasealu v. Gomez*, No. 1:22-cv-01326-HBK (PC), 2023 WL 5614937, at *1, n.2 (E.D. Cal. Aug. 30, 2023) ("Because Plaintiff is no longer incarcerated, he is not entitled to the mailbox rule"); *Estrada v. North Kern State Prison*, No. 1:18-cv-00667-DAD-SAB (PC), 2020 WL 590114, at *2 (E.D. Cal. Feb. 6, 2020) ("the Court reminds Plaintiff that, now that he has been released from custody, the prison mailbox rule no longer applies to his filings. … In the future, Plaintiff should ensure that any motions for extension of time, or other responses to Court deadlines, are mailed to the Court so they will be received by the applicable deadline"). Further, Plaintiff was expressly advised on February 11, 2026, that "the prison mailbox rule no longer applies because [he] has been released from custody" and thus "a response to any Court order or deadline must be mailed and received by the Court and/or parties prior to that deadline." (*See* Doc. 57 at 3 [footnotes omitted].)[3] Therefore, Plaintiff's opposition or statement of opposition was due in this Court no later than November 2, 2026.

## III. CONCLUSION AND ORDER

Accordingly, the Court **ORDERS** Plaintiff to show cause in writing, **within 14 days** of the date of service of this order, why this action should not be dismissed for his failure to comply with the Court's Local Rules. Alternatively, within that same time, Plaintiff may submit an opposition or statement of non-opposition to Defendants' pending summary judgment motion.

//

//

//

---

[2] Pursuant to the prison mailbox rule, a pleading filed by a pro se prisoner is deemed to be filed as of the date the prisoner delivered it to the prison authorities for mailing to the court clerk. *See Houston v. Lack*, 487 U.S. 266, 270 (1988); *Douglas v. Noelle*, 567 F.3d 1103, 1108-09 (9th Cir. 2009) (mailbox rule articulated in *Houston* applies to civil rights actions).

[3] Plaintiff was similarly advised on March 26, 2026 (*see* Doc. 60 at 1, n.1) and May 12, 2026 (*see* Doc. 66 at 4, n.5).

**Failure to comply with this Order to Show Cause (OSC) *will* result in a recommendation that this action be dismissed for Plaintiff's failure to obey local rules and failure to prosecute.**

IT IS SO ORDERED.

Dated: **November 10, 2026**

Erin Sny Castillo
UNITED STATES MAGISTRATE JUDGE